UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

**Daniel Marvin Kramer**                                 **Chapter 7**

      **Debtor**                                              **BK  96-31163**

___

**APPLICATION BY UNITED STATES TRUSTEE TO
REOPEN CHAPTER 7 CASE AND FOR AUTHORITY TO
APPOINT A CHAPTER 7 TRUSTEE**

___

COMES NOW the United States Trustee to apply to reopen the above named chapter 7 case and for authority to appoint a chapter 7 trustee.  In support of his application, he states the following:

1.       This application is filed pursuant to 11 U.S.C. § 350(b);  FED. R. BANKR. P. 5010; and Local Bankruptcy Rule 5010-1(b).  The United States Trustee has standing to bring this application pursuant to 11 U.S.C. § 307 and 28 U.S.C. § 586.  This matter is a core-proceeding arising under 28 U.S.C. § 157(b)(2)(A).  The bankruptcy court has jurisdiction pursuant to 28 U.S.C. § 1334.

2.       An application to reopen a bankruptcy case may be ruled upon by the Bankruptcy Court without conducting a hearing.  Local Rule 5010-1(c).

3.       28 U.S.C. § 1930 requires that a filing fee be paid to reopen a bankruptcy case.  The United States Trustee, acting in his official capacity as a representative of the United States, is not required to pay this fee.  *See In re Pomaville,* 183 B.R. 187 (Bankr. D. Minn. 1995).

4.       This chapter 7 case was filed on March 4, 1996.  Michael Iannacone was appointed as the chapter 7 trustee.  After the report of no assets was filed, the case was closed and the trustee was discharged on February 7, 1997.

5. Prior to the case being closed, the Court granted a motion by the trustee to preserve a marital lien held by the debtor as an unadministered asset (Doc. 10). The office of the former chapter 7 trustee has notified the U.S. Trustee that the underlying real estate is being sold.

6. It is necessary to reopen this case and appoint a trustee to administer this asset.

WHEREFORE, the United States Trustee requests that the Court reopen this Chapter 7 bankruptcy case and authorize the United States Trustee to appoint a Chapter 7 trustee.

Dated: July 27, 2015                    DANIEL MCDERMOTT
                                        United States Trustee
                                        Region 12


                                         /s/ Sarah J.  Wencil
                                        Sarah J. Wencil
                                        Trial Attorney
                                        Office of U.S. Trustee
                                        Iowa Atty. No. 14014
                                        1015 United States Courthouse
                                        300 South Fourth Street
                                        Minneapolis, MN 55415
                                        TELE: (612) 334-1350

## VERIFICATION

I, Sarah J. Wencil, trial attorney for the United States Trustee, named in the foregoing pleading declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on:   July 27, 2015

                                                  _Sarah J. Wencil_
                                                  Sarah J. Wencil
                                                  Trial Attorney

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

**Daniel Marvin Kramer**             **Chapter 7**

    **Debtor**                **BK  96-31163**

---

### MEMORANDUM OF LAW

---

### Statutory Authority

The authority under the Bankruptcy Code to reopen a closed bankruptcy case is located at Section 350(b), which provides:

> A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C. § 350(b).  Federal Bankruptcy Rule 5010 states that a party in interest may reopen a case by motion:

> A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code.   In a chapter 7, 12, or 13 case a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the estate.

FED. R. BANKR. P. 5010.

An application to reopen a bankruptcy case may be ruled upon by the Bankruptcy Court without conducting a hearing.  Local Rule 5010-1(c).

### Standing of the United States Trustee

The Court has previously held that when the United States Trustee moves to reopen a case, he is "acting in her official capacity as a representative of the United States and is therefore

exempted by the Judicial Conference Schedule of Fees from paying a filing fee." *In re Pomaville,* 183 B.R. 187, 189 (Bankr. D. Minn. 1995). The Court concluded that as a representative of the United States, a United States Trustee is exempted from paying the filing fee required by 28 U.S.C. § 1930 ("No fees are to be charged for services rendered on behalf of the United States"). *Id.* at 188; *see also* LAWRENCE P. KING, COLLIER ON BANKRUPTCY, ¶ 5010.01 [1], at 5010-2 n. 2 (15th ed. 1996) (citing cases which discuss whether the United States Trustee constitutes a "party in interest"). The United States Trustee respectfully requests that the Bankruptcy Court stay the filing fee requirement contingent on assets being recovered by the trustee appointed in the case.

    The United States Trustee requests that the bankruptcy court reopen this case so that the trustee may be reappointed and administer the interest.

Dated: July 27, 2015

DANIEL MCDERMOTT
United States Trustee
Region 12

 /s/  Sarah J.  Wencil
Sarah J. Wencil
Trial Attorney
Office of U.S. Trustee
Iowa Atty. No. 14014
1015 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
TELE: (612)  334-1350

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

**In re:**

**Daniel Marvin Kramer**                                        Chapter 7

      **Debtor**                                                       BK  96-31163

## UNSWORN CERTIFICATE OF SERVICE

      I, Sarah J. Wencil, declare under penalty of perjury that on July 27, 2015, I mailed copies of the foregoing Application to Reopen, Memorandum of Law, and proposed Order by first class mail postage prepaid and/or CM/ECF to the undersigned:

**Addresses:**

**DANIEL MARVIN KRAMER**
12075 GREY CLOUD TRAIL
COTTAGE GROVE, MN 55016

**Don Lattimore**
Lattimore Mooney & Malchow
101 E Fifth St Ste 800
St Paul, Mn 55101
651-292-0973
Email: dlattimo@ties2.net

Michael Iannacone
CM/ECF

                                                /s/ Sarah J. Wencil
                                          Office of the United States Trustee
                                          Sarah J. Wencil

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

**Daniel Marvin Kramer**                                                                **Chapter 7**

     **Debtor**                                                                            **BK  96-31163**

___

### ORDER TO REOPEN CASE
___

    At St. Paul, Minnesota.

    Based on the application to reopen this case filed by the United States Trustee, cause exists to reopen this case under Fed. R. Bankr. P. 5010 and 11 U.S.C. § 350(b).

    IT IS THEREFORE ORDERED:

    1. This case is reopened.

    2.  The United States Trustee may serve as trustee if authorized, or shall appoint a trustee if appropriate.

    3. The clerk shall serve this order on the applicant.

    4. The payment of the filing fee to reopen this case is deferred and payable by the estate as part of the final report, in the event sufficient assets are recovered.


Dated: _____                                                    _____
                                                                                            Katherine A. Constantine
                                                                                            United States Bankruptcy Judge